UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FERNIERI BOZA-ROSALES,

                    Petitioner,

        v.

ICE FIELD OFFICE DIRECTOR; and
BRUCE SCOTT,[1]

                    Respondents.

C26-0624 TSZ

ORDER

THIS MATTER comes before the Court on a petition for a writ of habeas corpus, docket no. 3, and related motions.  Having reviewed all papers filed in support of, and in opposition to, the petition and related motions, the Court enters the following Order.

**Background**

Petitioner Fernieri Boza-Rosales is a citizen of the Republic of Cuba.  Soraghan Decl. at ¶ 5 (docket no. 9); Traverse at 2 (docket no. 12).  In November 2019, petitioner entered the United States from Mexico, was detained, and was then sent back to Mexico

[1] The proper respondent for a petition brought under 28 U.S.C. § 2241 is "the person who has custody over" the petitioner.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (citing 28 U.S.C. §§ 2242 & 2243); *Doe v. Garland*, 109 F.4th 1188, 1197 (9th Cir. 2024).  The Clerk is DIRECTED to add Warden Bruce Scott as a respondent.

ORDER - 1

pursuant to Migrant Protection Protocols ("MPP").  *See* Soraghan Decl. at ¶¶ 5–6 (docket no. 9); *see also* Ex. 1 to Van Daley Decl. (docket no. 10-1).  Under MPP, also known as the "Remain in Mexico" policy, which was adopted in 2019, essentially abandoned by the Biden administration, resurrected in January 2025, and then partially stayed pending further judicial proceedings, noncitizens arriving from a foreign territory contiguous to the United States were returned to such territory pending a proceeding under Immigration and Nationality Act ("INA") § 240, codified as 8 U.S.C. § 1229a.  *See Immigrant Defenders Law Ctr. v. Noem*, 145 F.4th 972, 979–80 & 996 (9th Cir. 2025); *see also* 8 U.S.C. § 1225(b)(2)(C).  In December 2019, and again in January 2020, petitioner re-entered the United States and was sent back to Mexico.  Soraghan Decl. at ¶ 7 (docket no. 9); Ex. 2 to Van Daley Decl. (docket no. 10-2).

In February 2020, petitioner did not appear for a hearing in El Paso, Texas, of which he had been provided written notice, and the immigration judge issued a decision in absentia, ordering him removed to Cuba.  Ex. 3 to Van Daley Decl. (docket no. 10-3).  The record does not indicate whether petitioner was in the United States on the date of the immigration hearing in El Paso or during the subsequent year and eight-and-a-half months.  In November 2021, however, an Order of Supervision ("OSUP") was issued, *see* Soraghan Decl. at ¶ 9 (docket no. 9), which suggests that petitioner had been in U.S. Immigration and Customs Enforcement ("ICE") custody for some period preceding his release.  Petitioner appears to indicate that he was held for 330 days (possibly at the Northwest ICE Processing Center ("NWIPC")) before being placed on an OSUP because he could not be removed to Cuba.  *See* Traverse at 2 (docket no. 12).

ORDER - 2

In March 2022 and December 2022, petitioner was arrested in Dallas, Texas, for criminal offenses.  *See* Soraghan Decl. at ¶¶ 4(a)&(b) (docket no. 9).  After serving a 90-day sentence for the first crime and/or a 150-day sentence for the second crime, agents with ICE's Office of Enforcement and Removal Operations ("ERO") "encounter[ed] and detain[ed]" petitioner at the Dallas County Jail, and then released him on September 29, 2023, on another OSUP.  *Id.* at ¶¶ 4(a), 4(b), & 10.  Copies of the OSUPs have not been provided to the Court.  In 2024, petitioner was arrested, convicted on various charges, and sentenced to terms of three days and 48 days in jail, respectively.  *Id.* at ¶¶ 4(c)&(d).  For unexplained reasons, in late April 2025, petitioner was in custody at the Bell County Jail, and upon his release, he was detained by ICE ERO agents and eventually transferred to the NWIPC.  *See id.* at ¶ 11; Ex. 4 to Van Daley Decl. (docket no. 10-4).

On May 22, 2025, a warrant of removal was issued, but it did not state a country to which petitioner should be removed.  *See* Ex. 5 to Van Daley Decl. (docket no. 10-5). On July 29, 2025, a Third Country Screening Notice was issued, indicating that petitioner was interviewed by an asylum officer who found that petitioner failed to establish he would "more likely than not . . . be tortured in Mexico."  *See* Ex. 6 to Van Daley Decl. (docket no. 10-6).[2]  The Third Country Screening Notice contains the words "Refused to sign," along with the initials "AK" and the date of August 1, 2025.  *Id.*  On October 17, 2025, the government of Cuba refused to repatriate petitioner.  Soraghan Decl. at ¶ 15

---

[2] The Third Country Screening Notice reflects a determination date of July 29, 2025, but it states that the asylum interview did not occur until July 30, 2025.  *See* Ex. 6 to Van Daley Decl. (docket no. 10-6).

ORDER - 3

(docket no. 9).  On March 3, 2026, ICE ERO served petitioner with paperwork related to his prospective removal to the Republic of El Salvador.  *Id.* at ¶ 17.  Petitioner now seeks release or a bond hearing.  *See* Pet. at 2 (docket no. 3).  He also requests that counsel be appointed to represent him, docket no. 5, and that he be granted in forma pauperis status even though he has already paid the $5.00 filing fee, docket no. 13.

**Discussion**

After a removal order becomes final, ICE is authorized to detain a noncitizen, but not indefinitely.  *See* *Zadvydas v. Davis*, 533 U.S. 678, 698–99 (2001); *see also* 8 U.S.C. § 1231(a).  If, after the presumptively reasonable six-month period following entry of a final removal order, the individual at issue cannot be removed from the United States, the noncitizen is entitled to habeas relief if (i) he or she provides "good reason to believe" that "no significant likelihood" exists of "removal in the reasonably foreseeable future," and (ii) the habeas respondent fails to rebut this contention.  *See* *Zadvydas*, 533 U.S. at 701.  In this matter, the presumptively reasonable six-month post-removal-order period has expired; petitioner has been in the NWIPC for almost a year, and he was apparently previously detained for close to a year before he was released pursuant to an OSUP in November 2021.

Petitioner has made the requisite showing, and respondent does not dispute that, no significant likelihood exists of petitioner's removal to Cuba in the reasonably foreseeable future.  Respondent ICE Field Office Director attempts to argue, however, that petitioner is not entitled to habeas relief because he is not cooperating with efforts to remove him to a third country, citing *Pelich v. INS*, 329 F.3d 1057 (9th Cir. 2003), and

ORDER - 4

*Lema v. INS*, 341 F.3d 853 (9th Cir. 2003). *See* Return at 7–8 (docket no. 8).  Neither *Pelich* nor *Lema* supports respondent's position.  In both cases, the petitioner was refusing to secure travel documents from the country of citizenship, to which the petitioner had been ordered removed.  *See Pelich*, 329 F.3d at 1058–62; *see also Lema*, 341 F.3d at 854–55.  Respondent cites no authority for the proposition that petitioner may not seek relief under *Zadvydas* because he declines to assist in his potentially unlawful removal to a third country.  S*ee Revenko v. Bondi*, No. 25-cv-2149, 2025 WL 4070027, at *3 (W.D. Wash. Dec. 29, 2025) (indicating that, if the U.S. Department of Homeland Security seeks to remove a petitioner to a third country, "it must move to reopen Section 240 removal proceedings, and a hearing must be held before an immigration judge so the petitioner can apply for relief as to the specific country of removal").

Nevertheless, the Court is not persuaded that petitioner has made the necessary showing that his removal to Mexico, El Salvador, or another country is not likely to occur in the reasonably foreseeable future, and thus, his habeas petition will be DENIED without prejudice.  His related motion to appoint counsel is GRANTED as follows.  The Court REFERS this matter to the Office of the Federal Public Defender for review and consultation with petitioner.  The Office of the Federal Public Defender is requested to advise the Court by April 24, 2026, whether it will seek appointment in this case pursuant to 18 U.S.C. § 3006A(a)(2)(B).  If the Office of the Federal Public Defender enters a notice of appearance in this matter, it may file on petitioner's behalf a renewed or amended petition for a writ of habeas corpus, and upon such submission, the briefing schedule set forth in General Order 10-25 shall apply.

ORDER - 5

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)     Because petitioner has already paid the $5.00 filing fee and has not sought a refund, his motion for leave to proceed in forma pauperis, docket no. 13, is STRICKEN as moot;

(2)     The petition for a writ of habeas corpus, docket no. 3, is DENIED without prejudice;

(3)     The related motion to appoint counsel, docket no. 5, is GRANTED;

(4)     The notice requirements set forth in the scheduling order entered February 24, 2026, docket no. 4, remain in full force and effect; any notice provided to petitioner shall be immediately filed thereafter with the Court, and the date and time of such filing with the Court shall commence the notice period; and

(5)     The Clerk is directed to send a copy of this Order to all counsel of record and to the Office of the Federal Public Defender.

IT IS SO ORDERED.

Dated this 3rd day of April, 2026.

_____
Thomas S. Zilly
United States District Judge

ORDER - 6